# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM GRAVES JR. )<br>　　　　Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>THE CBE GROUP, INC.; and )<br>DOE 1-5 )<br>)<br>　　　　Defendants. )<br>)<br>) | Civil Action No. 2:15-cv-01012-EJM |

## COMPLAINT
### (Jury Trial Demanded)

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA") and Telephone Consumer Protection Act, 47 U.S.C 227 et seq. ("TCPA").

## JURISDICTION AND VENUE

2. This Court exercises jurisdiction under 15 U.S.C. 1692k, 28 U.S.C. 1331, and 28 U.S.C. 1367. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activities alleged herein while Plaintiffs so resided.

## PARTIES

3. Plaintiff, William Graves Jr. (hereinafter "Plaintiff" or "Mr. Graves"), is a natural persons residing in Dubuque, Iowa. Defendant THE CBE GROUP, INC. is a corporation believed to maintain its principle place of business in Cedar Falls, Iowa.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. THE CBE GROUP, INC. and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants called Mr. Graves' cell phone number in connection with an attempt to collect a consumer debt from an individual Mr. Graves has no knowledge of.

8. Defendants began calling Mr. Graves on or about April 17, 2014 with the use of an automated telephone dialing system (ATDS) designed to connect to a live agent only after detecting that the recipient has answered the call.

9. Defendants called Mr. Graves at least 37-times between April 17 and May 3, 2014 alone. To exacerbate the disturbing volume of calls, the calls were placed with the use of an ATDS and without a live agent to actually engage the call. After the first six calls, Mr. Graves answered the seventh at 8:39am on April 19 only to hear clicking sounds. Mr. Graves answered each successive call. Each time he answered, Mr. Graves would only hear a clicking noise. Mr. Graves advised the caller, if anyone was listening, not to call his phone anymore if they weren't going to answer him or otherwise speak.

10. On April 24, 2014, Mr. Graves answered another call and said "hello" twice. As before, Defendants' did not have a live agent available to engage the call after the automated dialer placed the call. Mr. Graves only heard a clicking sound followed by silence.

11. The automated/unattended nature of the calls were disconcerting and harassing to Mr. Graves. At no point did Mr. Graves grant express consent to receiving the autodialed calls from Defendants or any other party. Defendants' calls were not placed to Mr. Graves for an emergency purpose.

12. Mr. Graves, increasingly harassed and concerned by Defendants' repeated calls, retained counsel with Centennial Law Offices.

13. As a direct result of the activity herein alleged, Mr. Graves incurred legal fees of $2,155.00.

## CAUSES OF ACTION

### COUNT I

14. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by reference hereto incorporates the same as though fully set forth herein.

15. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## COUNT II

16. Plaintiff re-alleges paragraphs 1 through 13, inclusive, and by reference hereto incorporates the same as though fully set forth herein.

17. Plaintiff is informed and believes and herein alleges that Defendants violated 47 U.S.C. 227 by calling Plaintiff at least 37-times with the use of an automatic telephone dialing system for a non-emergency purpose and without Plaintiff's consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

## COUNT I

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## COUNT II

1.) For statutory damage in the amount of $18,500 pursuant to 47 U.S.C 227(b)(3);

2.) For prejudgment interest in an amount to be proved at time of trial;

3.) For the costs of this lawsuit; and

4.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date: April 17, 2015

_____
ROBERT AMADOR, ESQ.
(Pending pro hac vice admission)
Attorney for Plaintiff WILLIAM GRAVES JR.
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
(888)535-8267 fax
R.Amador@centenniallawoffices.com


s/Charles Walker

_____
Charles A. Walker (Bar #8201)
Attorney for Plaintiff WILLIAM GRAVES JR.
Walker Law Office, P.C.
320 South 12th Street
Fort Dodge, IA 50501
Phone: 515-576-0671
Fax: 515-955-5489
WLO@frontiernet.net